## DORSEY, et ux v. HORNE, et ux.

County Judge's Court, Palm Beach County.

November 22, 1957.

George L. Pink, West Palm Beach, for plaintiffs.

A. R. Roebuck, West Palm Beach, for defendants.

RICHARD P. ROBBINS, County Judge.

This cause came on before me, upon the petition of the plaintiffs alleging that the defendants unlawfully and forcibly turned them out and are unlawfully withholding possession of—"Lot 53, Merlin Park, a subdivision in the N. W. 1/4 of Sec. 25, Twp. 43 So. Range 42E, in Palm Beach County, Florida."

Evidence taken at the trial discloses that there is a dispute between the parties as to the time of making a mortgage payment; that defendant Horn had demanded it of the plaintiff Dorsey who failed to make the same.

While the plaintiffs Mr. and Mrs. Dorsey and their minor daughter were temporarily absent from the premises, attending church services, the defendants entered the dwelling house situated thereon and removed plaintiffs' household furniture, stacking the same on the front lawn of the property, and nailed a sign on the house with the letters "POSTED" thereon. Plaintiffs were required to move their furniture to a storage warehouse and now seek restitution of possession and damages.

There is no controversy over the right of plaintiffs to be restored to possession of the premises. The conflict in this case is directed to the question of damages. Plaintiffs claim and have produced evidence to sustain damages in the following amounts:

| | |
|---|---:|
| Moving furniture to storage | $47.50 |
| Storage charges | 18.00 |
| Costs of appraising damage to furniture | 12.50 |
| Actual damage to furniture in removing it from the house | 122.00 |
| Total | $200.00 |

The defendants take the position that under the statute (section 82.14 F.S.A.) damages in this cause of action are limited to the rental value of the premises for the time that it was wrongfully held.

No evidence was introduced as to rental value, therefore the court must decide whether or not damage done to the furniture and the cost of moving and storing it are available in this proceeding.

In Cooley on Torts, 3rd ed., vol. 2, page 663, the following reasons are assigned why the law cannot suffer a forcible entry upon a peaceable possession, even though it may be in the assertion of a valid title—

*First.* Whoever assumes to make such an entry makes himself judge in his own cause, and enforces his own judgment.

*Second.* He does this by the employment of force against a peaceable party.

*Third.* As the other party must have an equal right to judge in his own cause, and to employ force in giving effect to his judgment, a breach of the public peace would be invited, and any wrong, if redressed at all, would be redressed at the cost of a public disturbance, and perhaps of serious bodily injury to the parties.

Originally, forcible entry and detainer, as it was known to the English law, was a criminal proceeding to prevent a breach of the peace and no damages could be awarded. As a civil remedy the proceedings are purely statutory and the right to recover damages depends entirely upon the language of the statutes.

The Florida statutes provide, in part, as follows—

"No question of title, but only a right of possession and of damages, shall be involved in the action." F.S.A. 82.05.

"In cases of forcible entry and unlawful detainer the jury shall be sworn to well and truly try whether the defendant at any time within three years before the filing of the complaint, did forcibly or unlawfully enter upon the property in the complaint mentioned and turn the plaintiff out of the possession thereof, and whether the defendant continued to hold possession thereof at the time of filing the complaint, and to assess such damages as may be recoverable according to the evidence." F.S.A. 82.12.

"On the trial, evidence shall be admitted as to the monthly rental value of the premises, and, in case of recovery by plaintiff, the jury shall fix his damages at double the rental value of the premises from the time of the unlawful or wrongful holding. But the damages in no case of detainer shall be fixed at more than the rental value of the premises, unless the jury be satisfied from the evidence that such detention is willful and knowingly wrongful." F.S.A. 82.14.

"No judgment rendered either for plaintiff or defendant shall bar any action of trespass for injury to the property, or ejectment, between the same parties respecting the same property in question; nor shall any verdict be held conclusive of the facts therein found, in any action of trespass or ejectment." F.S.A. 82.17.

The limitations contained in 82.14 and the provisions of 82.17 are cited by defendants to sustain their position that only rental value can be used as a measure of damages in this cause of action and that defendants must resort to an action of trespass for any other damage sustained.

I cannot agree with defendants' contention in this respect. It seems to me that sections 82.14 and 82.17 were intended to provide, in addition to such damages as were the natural and proximate result of the forcible entry, the rental value of the property detained and double this amount as a penalty if the detention was willful and knowingly wrongful.

The rule as stated in Corpus Juris Secundum, vol. 36, page 1198, is as follows—"The damages recoverable are such as are the natural and proximate result of the acts complained of and nothing beyond this." And in Thompson on Real Property (Permanent Edition), vol. 3, page 791, it is said in substance that where there is no conversion of the goods only such damages as result from the negligent handling of the goods in removing them from the premises are recoverable.

While in this action, as aforesaid, only damages actually sustained by reason of the forcible entry are recoverable, in an action of trespass punitive damages as well are allowed in a proper

152

case (see R. C. L., vol. 11, page 1180), and, in my opinion, it is for this reason among others, that section 82.17 was enacted to preserve to the defendants the right to sue in trespass for damages not recoverable in this action.

It is therefore ordered and adjudged that plaintiffs recover possession of the property described in the complaint, with damages in the sum of $200, together with the costs of this action assessed at $17.